**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

   -vs-                                                                            No. MISC 98-0012 LH

BURLINGTON RESOURCES, INC.,

      Defendant.

**MEMORANDUM OPINION**

      **THIS MATTER** comes before the Court on the Order to Show Cause (Docket No. 2), filed March 24, 1998.  By Order filed July 6, 1998, the Order to Show Cause was dismissed as to Subpoena # 1 and Subpoena # 2 and the Court took ruling on Subpoena # 3 under advisement, pending supplemental briefing by the parties on the issue of confidentiality.  The Court, having considered the supplemental briefs and the applicable law, and otherwise being fully advised, finds that the Order to Show Cause will be granted as to Subpoena #3 pursuant to the order proposed by Petitioner, (Pet'r's Resp. Burlington's Supplemental Br., initial attachment), as modified by the Court.

      In this matter the Minerals Management Service (MMS) has stated that, if requested to do so, it would share the material subject to Subpoena # 3 with the United States Attorney for the District of Wyoming, who apparently is conducting a criminal investigation of Burlington Resources Inc. (Burlington).  At the hearing on June 30, 1998, the Court indicated its concern that in meeting statutory regulatory responsibilities, a governmental agency not misuse its right to issue administrative subpoenas to conduct, in essence, investigations for other agencies.  That concern remains.  The

Supreme Court expressed a similar sentiment in *United States v. LaSalle Nat'l Bank*, stating that "the good-faith standard will not permit the IRS to become an information-gathering agency for other departments," 437 U.S. 298, 317 (1978)(*dicta*).

Significantly, the parties agree on several important issues in this matter.  First, Burlington does not dispute that the MMS  properly issued Subpoena #3, did so for legitimate purposes, and has the right to review the materials sought.  Additionally, both Petitioner and Respondent agree that case law supports court modification of administrative subpoenas.[*]  Finally, Burlington responds to the MMS's objection that Respondant's initial request arguably would prohibit release of the documents even on service of a valid grand jury subpoena or court order, by limiting its suggested modifications:

1.  to prohibit MMS from voluntarily disclosing any documents to the US Attorney for the District of Wyoming and

2.  to require MMS to give Burlington reasonable notice of any intended disclosure.

Therefore, the Court will enter the government's proposed order, as modified by the Court and per Burlington's final request.

An Order in accordance with this Memorandum Opinion shall be entered.

---

[*]  The MMS acknowledges that "the cases [Burlington cites] support the notion that a court may, in certain circumstances, have discretion to modify an administrative summons or subpoena." (Pet'r's Resp. Burlington's Supplemental Br. at 7, 11-12 n.3.)  The Court agrees. *See, e.g., United States v. Exxon Corp.*, 628 F.2d 70 (3d Cir. 1980).

The Court also notes, however,  that Burlington incorrectly maintains that the Tenth Circuit ruled in *United States v. Anaya*, 815 F.2d 1373 (1987), that courts have inherent authority to modify an administrative subpoena.  The *Anaya* court did not so hold.  Rather, in discussing the Anayas' contention that the trial court improperly curtailed discovery by refusing to grant them access to FBI files turned over to the IRS, the appellate court merely stated that "[t]he *scope of discovery in the context of an IRS summons enforcement proceeding* is discretionary with the trial court," and found that the taxpayers had failed to establish an abuse of that discretion.  *Anaya*, 815 F.2d at 1380 (emphasis added).

Additionally, the Court is aware that both the Fifth and Ninth Circuits have ruled that a district court may only enforce or deny, not conditionally enforce, Internal Revenue Service (IRS) summonses.  *United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997)(en banc); *United States v. Barrett*, 837 F.2d 1341 (5th Cir. 1988)(en banc).  As the MMS correctly informs the Court, the statutory and regulatory restrictions on IRS summons are distinguishable from those at issue in this matter.  (Pet'r's Resp. Burlington's Supplemental Br. at 11-12 n.3.)

_____
**UNITED STATES DISTRICT JUDGE**